— In a negligence action to recover damages for personal injuries, etc., the parties cross-appeal from (1) an order of the Surpreme Court, Queens County, dated October 25, 1976, which (a) granted plaintiffs’ motion (by Lawrence M. Rosenberg, Esq.) for reargument of a prior order dated June 14, 1972, which had denied their motion to vacate the dismissal of the action and to restore it to the appropriate calendar and (b) upon reargument, granted the application and directed that the case be restored to the appropriate calendar and (2) a further order of the same court, dated December 13, 1976, which granted plaintiffs’ motion (by Meyer and Wexler, Esqs.) for reargument of the order of October 25, 1976 and, upon reargument, adhered to the prior determination. Appeal from the order dated October 25, 1976 dismissed as academic. That order was superseded by the order dated December 13, 1976. Order dated December 13, 1976, reversed, on the law, and motion by Mr. Rosenberg denied. Separate bills of $50 costs and disbursements are awarded to plaintiffs and to defendant, payable personally by Mr. Rosenberg. A review of the record on appeal indicates that Mr. Rosenberg had no authority whatsoever to make the motion on behalf of the plaintiffs. When plaintiffs brought suit against Mr. Rosenberg (and other attorneys) for malpractice in the conduct of the litigation against defendant, adequate notice was given that they had terminated the services of Mr. Rosenberg. An affidavit by plaintiff Emily Costello submitted to the court on Mr. Rosenberg’s motion clearly indicated that the motion was brought against the wishes of the plaintiffs and that Mr. Rosenberg was no longer their attorney. It was error, therefore, for Special Term to grant the *574 motion. As between attorney and client, no special formality is required to effect the discharge of the attorney. "Any act of the client indicating an unmistakable purpose to sever relations is enough” (3 NY Jur, Attorney and Client, § 5). Martuscello, J. P., Latham, Margett and O’Connor, JJ., concur.